```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ANTHONY CARLTON BLACK,          :      CIV. NO. 3:02CV1532(JCH)
Petitioner,                     :
                                :
                                :
v.                              :
                                :
JOHN ASHCROFT, ATTORNEY         :
GENERAL OF THE UNITED STATES,   :
Respondent.                     :      November 7, 2003
```

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

This is an immigration case in which the petitioner seeks to have the Court review a decision of the BIA finding him removable. The respondent, John Ashcroft, hereby requests that the Court remand this case to the BIA with instructions as set forth herein.

I. PROCEDURAL POSTURE

This case was transferred from the docket of the Honorable Alvin W. Thompson to the docket of the Honorable Janet C. Hall on or about September 24, 2003. Now pending before the Court is Mr. Black's habeas petition, which was filed on or about September 1, 2002. A Stay of Removal was entered by Judge Thompson and remains in effect. The government responded to the habeas petition slightly more than a year ago on October 23, 2002.

II. DISCUSSION

An alien may be removed from this country if, while in this

country, he commits an "aggravated felony." 8 U.S.C. 1227(a)(2)(A)(iii). An "aggravated felony" is defined to include "a crime of violence . . . for which the term of imprisonment [is][1] at least one year." 8 U.S.C. Sec. 1101(a)(43)(F). A "crime of violence" is defined in 18 U.S.C. Sec. 16 as:

> (a) an offense that has as an element the use, attempted use, or the threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. Sec. 16. Mr. Black was convicted in state court of second-degree assault for beating his girlfriend with a stick. The BIA found that the petitioner committed a crime of violence under subsection (a) of 18 U.S.C. Sec. 16, and was therefore removable.

Subsequent to the filing of Mr. Black's petition and the government's response thereto, the Second Circuit decided Chrzanoski v. Ashcroft, 327 F.3d 188 (2003), in which it held that Connecticut's third-degree assault statute is not a crime of violence under 18 U.S.C. Sec. 16(a). See Chrzanoski 327 F.3d at 197. Because the state statute under which Mr. Black was convicted for second-degree assault contains language which is strikingly similar to the third-degree assault statute at issue

---

[1] See 8 U.S.C. Sec. 1101(a)(43)(F), n.3.

in Chrzanoski, the government respectfully requests that the Court remand the case to the BIA with instructions to: 1) reconsider its September 19, 2001 decision in light of the holding set forth in Chrzanoski, supra; and 2) determine whether Mr. Black is removable under 18 U.S.C. Sec. 16(b) or on any other grounds consistent with the charges set forth in the Notice to Appear issued by INS on October 10, 2000.  (Exhibit 1, attached hereto).  Finally, the government further requests that the Stay of Removal that has been entered in this case remain in effect until further order of this Court.

III.  CONCLUSION

    For the reasons set forth above, the government respectfully requests that the case be remanded to the BIA with appropriate instructions.

    Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN B. HUGHES
CHIEF, CIVIL DIVISION


PATRICK F. CARUSO
ASSISTANT U.S. ATTORNEY
FED. BAR NO. ct17984
P.O. BOX 1824
NEW HAVEN, CT  06508
(203)821-3700

CERTIFICATION

This is to certify that a copy of the within and foregoing was mailed, postage prepaid, this 7th day of November, 2003 to:

Michael G. Moore, Esq.
107 Oak Street
Hartford, CT 06106

Michael G. Moore
20 Maple Street, Suite 302
Springfield, MA 01102

                                              PATRICK F. CARUSO
                                              ASSISTANT U.S. ATTORNEY